## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | § Chapter 11 |
| | § |
| New Gulf Resources, LLC, *et al.*, | § |
| | § |
| Debtors.[1] | § Case No. 15-12566 (BLS) |
| | § |
| | § (Jointly Administered) |
| | § |
| Energy & Exploration Partners, LLC | § |
| | § |
| Plaintiff, | § Adversary No. 16-_____ |
| | § |
| v. | § |
| | § |
| New Gulf Resources, LLC; MidFirst Bank, as administrative agent and issuer of letters of credit under that certain Credit Agreement dated June 12, 2014; and The Bank of New York Mellon Trust Company, N.A., as indenture trustee and collateral agent under that certain Indenture dated May 9, 2014 | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| Defendants. | § |
| | § |

## ENERGY & EXPLORATION PARTNERS, LLC'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Energy & Exploration Partners, LLC ("ENXP") files this Complaint for Declaratory Judgment ("Complaint") against New Gulf Resources, LLC ("New Gulf"); MidFirst Bank, as administrative agent and issuer of letters of credit under that certain Credit Agreement, dated June 12, 2014 (the "First Lien Administrative Agent"); and The Bank of New York Mellon Trust Company, N.A., as indenture trustee and collateral agent under that certain Indenture, dated May 9, 2014 (the "Second Lien Administrative Agent"), and will respectfully show as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NGR Holding Company LLC (1782), New Gulf Resources, LLC (1365); NGR Finance Corp. (5563) and NGR Texas, LLC (a disregarded entity for tax purposes). The Debtors' mailing address is 10441 S. Regal Boulevard, Suite 210, Tulsa, Oklahoma 74133.

## JURISDICTION & VENUE

1.      This is an adversary proceeding pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this complaint under 28 U.S.C. § 1334(b), in that this is a civil proceeding relating to the underlying cases arising under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "Bankruptcy Code").

3.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (K) and (O), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

4.      Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## PARTIES

5.      Plaintiff Energy & Exploration Partners, LLC is a creditor in the above-captioned chapter 11 cases.

6.      Defendant New Gulf Resources, LLC, is a Debtor in the above-captioned chapter 11 cases.  New Gulf may be served through its counsel of record: Young Conaway Stargatt & Taylor, LLP, Attn: M. Blake Cleary, 1000 N. King Street, Rodney Square, Wilmington, DE 19801; and Baker Botts L.L.P., Attn: C. Luckey McDowell, 2001 Ross Ave., Dallas, TX 75201.

7.      Defendant MidFirst Bank is the administrative agent and issuer of letters of credit under that certain Credit Agreement dated June 12, 2014 (the "First Lien Credit Agreement"),

---

[2] Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court, District of Delaware, ENXP hereby confirms its consent to entry of a final order by this Court in connection with this Complaint if it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments on any of the claims asserted herein consistent with Article III of the United States Constitution.

among New Gulf Resources, LLC, as borrower, the First Lien Administrative Agent, and the lenders party thereto (collectively, the "First Lien Lenders"), pursuant to which the First Lien Lenders provided a revolving credit facility to New Gulf. MidFirst Bank may be served through its counsel of record: Crowe & Dunlevy, P.C., Attn: William H. Hoch III, 324 N. Robinson Ave., Suite 100, Oklahoma City, OK 73102.

8.    Defendant The Bank of New York Mellon Trust Company, N.A. is the indenture trustee and collateral agent under that certain Indenture dated May 9, 2014 (the "Second Lien Indenture"), between New Gulf Resources, LLC and NGR Finance Corporation, as co-issuers (collectively, the "Second Lien Note Issuers"), the Second Lien Administrative Agent, and the holders party thereto (collectively, the "Second Lien Noteholders"),[3] pursuant to which the Second Lien Note Issuers issued the 11.75% Senior Secured Notes due 2019 to the Second Lien Noteholders.  The Bank of New York Mellon Trust Company, N.A. may be served through its counsel of record: Carter Ledyard & Milburn LLP, Attn: James Gadsden and Leonardo Trivigno, 2 Wall Street, New York, NY 10005.

## FACTUAL BACKGROUND

**A.    The Chapter 11 Cases**

9.    On December 17, 2015 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

10.    ENXP and three of its affiliates are debtors in chapter 11 cases pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

---

[3] The First Lien Lenders and the Second Lien Noteholders shall be referred to collectively herein as the "Prepetition Lenders."  The liens held by the Prepetition Lenders shall be referred to herein as the "Prepetition Liens."

**B.**     **The Joint Operating Agreements**

11.     ENXP is a party to two Joint Operating Agreements[4] with New Gulf, one dated April 19, 2012, as amended, and the second dated June 1, 2012, as amended (each, individually, a "JOA" and collectively, the "JOAs", attached hereto as Exhibit A).  ENXP originally entered into the JOAs with Halcón Operating Co., Inc., as Operator and Halcón Energy Properties, Inc., as Non-Operator (together, "Halcón").

12.     On February 25, 2014, New Gulf entered into an Agreement of Sale and Purchase (the "PSA") with Halcón and certain of its affiliates (collectively, the "Halcón Affiliates" or "Oil and Gas Sellers") and Halcón Field Services, LLC ("HFS").  Pursuant to the PSA, New Gulf purchased the Oil and Gas Assets[5] from the Halcón Affiliates, including the JOAs, as well as certain midstream assets from HFS, including a gas gathering system (as defined below), effective as of April 1, 2014.  Upon closing, New Gulf became a party to the JOAs as the successor in interest.

13.     New Gulf's obligations under the JOAs are secured by a first priority security interest granted to ENXP in all of New Gulf's interests in the Oil and Gas Leases[6] and Oil and Gas Interests[7] in the Contract Area, as well as in the personal property and fixtures related thereto.[8]  Specifically, section VII(B) of each JOA provides, in relevant part:

---

[4]  The Joint Operating Agreements are based on the standard form used in the industry:  A.A.P.L. Form 610-1989 Model Form Operating Agreement.

[5]  The term "Oil and Gas Assets" is defined to include all of the Oil and Gas Sellers' right, title, interest and estate, in and to "[a]ll of the oil and/or gas leases…all contracts, agreements and instruments by which the Oil and Gas Properties are bound or subject . . . including operating agreements." Section 1.2(a)(i-iv) of the PSA.

[6]  The term "Oil and Gas Lease" is defined as "the oil and gas leases or interests therein covering tracts of land lying within the Contract Area which are owned by the parties to this agreement."  JOA Section I (M).

[7]  The term "Oil and Gas Interests" is defined as "unleased fee and mineral interests in Oil and Gas in tracts of land lying within the Contract Area which are owned by parties to this agreement."  JOA Section I (L).

[8]  New Gulf owns a 65% interest in the Oil and Gas Leases and Oil and Gas Interests covered by the April 19, 2012 JOA and an 80% interest in the Oil and Gas Leases and Oil and Gas Interests covered by the June 1, 2012 JOA. Exhibit A to each JOA; Section 1.2(a)(i) of the PSA.

*Each party grants to the other parties hereto a lien upon any interest it now owns or hereafter acquires in Oil and Gas Leases and Oil and Gas Interests in the Contract Area, and a security interest and/or purchase money security interest in any interest it now owns or hereafter acquires in the personal property and fixtures* on or used or obtained for use in connection therewith, *to secure performance of all of its obligations under this agreement* including but not limited to payment of expense, interest and fees, the proper disbursement of all monies paid hereunder, the assignment or relinquishment of interest in Oil and Gas Leases as required hereunder, and the proper performance of operations hereunder.

…

*Each party represents and warrants to the other parties hereto that the lien and security interest granted by such party to the other parties shall be a first and prior lien, and each party hereby agrees to maintain the priority of said lien and security interest against all persons* acquiring an interest in Oil and Gas Leases and Interests covered by this agreement by, through or under such party.  All parties acquiring an interest in Oil and Gas Leases and Gas Interests covered by this agreement, whether by assignment, merger, mortgage, operation of law, or otherwise, *shall be deemed to have taken subject to the lien and security interest granted* by this Article VII.B. as to all obligations attributable to such interest hereunder whether or not such obligations arise before or after such interest is acquired.

JOA Section VII(B) (emphasis added).

14.    To perfect its liens and security interests in New Gulf's property, ENXP recorded the Model Form Recording Supplement to Operating Agreement and Financing Statement (and supplements and restatements) substantially in the form attached as Exhibit H to each JOA (the "Lien Recordings", a list of the Lien Recordings is attached hereto as Exhibit B), in the applicable county land.

15.    In addition to the security interest granted to ENXP under the JOAs, Texas statutorily grants an automatically perfected security interest in oil and gas production and the proceeds therefrom in favor of interest owners, as secured parties, to secure the obligations of the

first purchaser of oil and gas production.  *See* TEX. BUS. & COM. CODE § 9.343; *see also In re Tri-Union Development Corp.*, 253 B.R. 808, 815 (S.D. Tex. 2000).  Accordingly, the Texas statute provides ENXP a perfected lien in the oil and gas production from the leases subject to the JOAs and the associated revenues generated (the "Production and Proceeds Security Interest").

**C.     ENXP's Claims Against New Gulf**

16.     On February 22, 2016, ENXP timely filed its proof of claim in New Gulf's bankruptcy case (the "Claim"), asserting a secured claim of at least $15 million.  ENXP's Claim is based on two distinct claims against New Gulf–one for unpaid working interests and one for damages related to New Gulf's purchase, operation and subsequent sale of a gas gathering system without providing ENXP an opportunity to participate and a proportionate share of the revenues therefrom.  As both claims are based on breaches of the JOAs, both are also secured by ENXP's valid, perfected security interests under the JOAs.

**D.     The Final DIP Order**

17.     The Final DIP Order provides in pertinent part as follows:

> *Validity of Prepetition Liens and Prepetition Obligations.* (a) The Prepetition Liens[9] are valid, binding, enforceable, non-avoidable and perfected liens, with priority over any and all other liens (other than liens expressly permitted to be senior to all the Prepetition Liens under the First Lien Credit Agreement and Second Lien Note Indenture, solely to the extent such permitted liens were existing, valid, enforceable, properly perfected and non-avoidable as of the Petition Date or that is perfected subsequent thereto as permitted by section 546(b) of the Bankruptcy Code (the "Permitted Prior Liens")), subject to the terms of the Intercreditor Agreement; (b) the First Lien Obligations constitute legal, valid, binding and non-avoidable obligations of the First Lien Loan Parties, enforceable in accordance with the terms of the First Lien Loan Documents (other than in respect of the stay of enforcement arising from section 362

---

[9] All capitalized terms used herein and not otherwise defined are given the meaning ascribed to them in the Final DIP Order.

of the Bankruptcy Code); (c) the Second Lien Obligations constitute legal, valid, binding and non-avoidable obligations of the Second Lien Note Parties, enforceable in accordance with the terms of the Second Lien Note Documents (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code….

Final DIP Order, ¶ E(viii).

Nothing in this Final Order shall prejudice the rights of any Official Committee or any other party in interest, if granted requisite standing by the Court within the Challenge Period (as defined below), to seek, solely in accordance with the provisions of this paragraph 32(b), to assert claims against the Released Parties (or their successors or assigns), on behalf of the Debtors or the Debtors' creditors or to otherwise challenge the Debtors' stipulations, including but not limited to those in relation to (i) the validity, extent, priority, or perfection of the mortgages, security interests, and Prepetition Liens of the Prepetition Agents or any Prepetition Lenders (or their successors or assigns), (ii) the validity, allowability, priority, or amount of the Prepetition Obligations, or (iii) any liability of either the Prepetition Agents and/or any Prepetition Lenders (or their successors or assigns) with respect to anything arising from the Prepetition Loan Documents. Any Official Committee or any other party in interest must, after obtaining the requisite standing approved by the Court, commence a contested matter or adversary proceeding raising such claim, objection or challenge, including without limitation, any claim or cause of action against the Released Parties (each, a "Challenge") no later than the date that is the earlier of (A) 60 days after the formation of an Official Committee or (B) seventy-five (75) days after entry of the Interim Order (such time period shall be referred to as the "Challenge Period") … As to (x) any parties in interest, including any Official Committee, who fail to file a Challenge within the Challenge Period, or if any such Challenge is filed and overruled, or (y) any and all matters that are not expressly the subject of a timely Challenge:  (1) any and all such Challenges by any party (including, without limitation, any Official Committee, any chapter 11 trustee, any examiner or any other estate representative appointed in the Chapter 11 Cases, or any chapter 7 trustee, any examiner or any other estate representative appointed in any Successor Cases), shall be deemed to be forever waived and barred, (2) all of the findings, Debtors' stipulations, waivers, releases, affirmations and other stipulations hereunder as to the priority, extent, allowability, validity and perfection as to the Prepetition Liens, the Prepetition Obligations or the Prepetition Loan Documents shall be of full force and effect and forever

binding upon the applicable Debtors' bankruptcy estates and all creditors, interest holders, and other parties in interest in the Chapter 11 Cases and any Successor Cases, and (3) any and all claims or causes of action against the Prepetition Agents or the Prepetition Lenders shall be released by the Debtors' estates, all creditors, interest holders, and other parties in interest in the Chapter 11 Cases and any Successor Cases.

Final DIP Order, ¶ 32(b).

18.    In accordance with Paragraph 32 of the Final DIP Order, ENXP brings this adversary proceeding to challenge the stipulations found in Paragraph E(vii) of the Final DIP Order as they relate to the liens of ENXP under the JOAs.

## CAUSES OF ACTION

### COUNT 1:  DECLARATORY JUDGMENT THAT ENXP'S LIENS AND SECURITY INTERESTS IN THE JOA COLLATERAL AND THE PRODUCTION AND PROCEEDS SECURITY INTEREST ARE VALID, PERFECTED AND OTHERWISE UNAVOIDABLE AS OF THE PETITION DATE, AND SECURE AN ALLOWED CLAIM ARISING UNDER THE JOAS PURSUANT TO 28 U.S.C. §§ 2201 AND 2202

19.    ENXP repeats and realleges each of the preceding paragraphs as if fully set forth herein.

20.    New Gulf granted ENXP a first priority security interest in all of the JOA Collateral[10] pursuant to the JOAs to secure New Gulf's obligations under the JOAs.

21.    ENXP recorded the Model Form Recording Supplement to Operating Agreement and Financing Statement (and supplements and restatements) substantially in the form attached as Exhibit H to each JOA in the applicable county land records on the dates provided in Exhibit B.

---

[10] As defined in the Final DIP Order: "JOA Collateral" refers to the collateral securing liens and security interests described in and subject to Article VII.B of each of (i) the Operating Agreement dated April 19, 2012, by and between New Gulf Resources, LLC (as successor by assignment to Halcon Operating Co., Inc. and Halcon Energy Properties, Inc.) and Energy & Exploration Partners, LLC, as amended, modified or supplemented from time to time prior to the Petition Date, and (ii) Operating Agreement dated June 1, 2012, by and between New Gulf Resources, LLC (as successor by assignment to Halcon Operating Co., Inc. and Halcon Energy Properties, Inc.) and Energy & Exploration Partners, LLC as amended, modified or supplemented from time to time prior to the Petition Date (together, the "JOAs").

22.     ENXP also has an automatically perfected security interest in the oil and gas production from the leases subject to the JOAs and the associated revenues generated.

23.     ENXP has two distinct claims against New Gulf–one for unpaid working interests and one for damages related to New Gulf's purchase, operation and subsequent sale of a gas gathering system without providing ENXP an opportunity to participate and a proportionate share of the revenues therefrom.  ENXP timely filed its Claim in New Gulf's bankruptcy case.

24.     As both claims evidenced by ENXP's proof of claim are based on breaches of the JOAs, both claims are secured by ENXP's valid, perfected security interests under the JOAs and ENXP's Production and Proceeds Security Interest.

25.     Accordingly, ENXP is entitled to a judgment declaring that its liens and security interests in the JOA Collateral and the Production and Proceeds Security Interest are valid, perfected and otherwise unavoidable as of the Petition Date, and secure an allowed secured claim arising under the JOAs pursuant to 28 U.S.C. §§ 2201 and 2202.

**COUNT 2:  DECLARATORY JUDGMENT THAT ENXP'S LIENS AND SECURITY INTERESTS IN THE JOA COLLATERAL ARE SENIOR TO AND HAVE PRIORITY OVER THE PREPETITION LENDERS' PREPETITION LIENS PURSUANT TO 28 U.S.C. §§ 2201 AND 2202**

26.     ENXP repeats and realleges each of the preceding paragraphs as if fully set forth herein.

27.     New Gulf granted ENXP a first priority security interest in all of the JOA Collateral pursuant to the JOAs to secure New Gulf's obligations under the JOAs.

28.     ENXP's first priority security interest in the JOA Collateral was properly perfected when ENXP recorded the Model Form Recording Supplement to Operating Agreement and Financing Statement (and supplements and restatements) substantially in the form attached

as Exhibit H to each JOA in the applicable county land records on the dates provided in <u>Exhibit B</u>.

29.     ENXP also has an automatically perfected security interest in the oil and gas production from the leases subject to the JOAs and the associated revenues generated.

30.     The First Lien Credit Agreement was not created until June 12, 2014, and the Second Lien Indenture was not created until May 9, 2014.  Any security interests granted to the Prepetition Lenders could not be perfected until after such dates.

31.     Under Texas law, the first perfected security interest is entitled to priority.  *See* TEX. BUS. & COM. CODE § 9.322 (Conflicting perfected security interests and agricultural liens rank according to priority in time of filing or perfection).

32.     The security interest in production and proceeds created by pursuant TEX. BUS. & COM. CODE § 9.343 is treated as a purchase-money security interest for purposes of determining its relative priority under § 9.324 over other security interests not provided for by § 9.343.  *See* TEX. BUS. & COM. CODE § 9.343(f).

33.     TEX. BUS. & COM. CODE § 9.324 provides that, a perfected purchase-money security interest in goods other than inventory or livestock has priority over a conflicting security interest in the same goods, and a perfected security interest in the identifiable proceeds if the purchase money security interest is perfected within 20 days after New Gulf receives possession of the collateral.

34.     Accordingly, ENXP is entitled to a judgment declaring that ENXP's liens and security interests in the JOA Collateral and ENXP's Production and Proceeds Security Interest are senior to and have priority over the Prepetition Lenders' Prepetition Liens pursuant to 28 U.S.C. §§ 2201 and 2202.

## PRAYER

WHEREFORE ENXP prays for judgment as follows:

1.      Declaring that ENXP's liens and security interests in the JOA Collateral and the Production and Proceeds Security Interest are valid, perfected and otherwise unavoidable as of the Petition Date, and secure an allowed secured claim arising under the JOAs;

2.      Declaring that ENXP's liens and security interests in the JOA Collateral are senior to and have priority over the Prepetition Lenders' Prepetition Liens;

3.      Declaring that ENXP's Production and Proceeds Security Interest is senior to and has priority over the Prepetition Lenders' Prepetition Liens; and

4.      Granting such other and further relief to which ENXP is justly entitled.

Dated: March 1, 2016
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT& TUNNEL LLP**

*/s/ Andrew R. Remming*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Erin R. Fay (No. 5268)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
aremming@mnat.com
efay@mnat.com

*Counsel For Energy & Exploration Partners, LLC*

-11-